# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK BRUDER, | ) |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No.: 4:23-cv-1075 |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| & | ) |
| | ) |
| SPECTRUM | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Mark Bruder, by and through undersigned counsel, and for his Complaint against Defendants Charter Communications, Inc. ("CC"), and Spectrum for their violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), states to the Court as follows:

### INTRODUCTION

1. The TCPA was enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

2. Defendants, upon information and belief, make automated text messages to individuals across the country.

3. Unfortunately, Defendants do not obtain prior express written consent to place these automated telemarketing texts and do not maintain their own internal do-not-text list, and,

1

therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. These automated texts placed by Defendants caused Plaintiff to suffer actual harm and legal injury. Plaintiff has suffered aggravation, invasion of privacy, and nuisance due to receiving such texts. Plaintiff suffered from the diminished use, enjoyment, utility, and value of his telephone as these texts interfered with his access to his cell phone.

5. The TCPA was enacted to protect consumers from unauthorized and unwanted automated texts exactly like the ones alleged in this case. See Mims v. Arrow Fin Servs., LLC, 132 S.Ct., 740, 745 (2012). Defendants placed these automated texts despite the fact that Plaintiff never provided Defendant with prior express written consent to receive them.

6. Senator Hollings, the TCPA's sponsor, described autodialed calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

7. By placing the automated texts at issue to individuals who should be on an internal do-not-text list, Defendants have violated the privacy and statutory rights of Plaintiff and caused him to suffer actual harm by subjecting him to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized automated texts.

8. Plaintiff therefore seeks an injunction requiring Defendants to stop using automated texts to place telemarketing text messages to telephones and to maintain and abide by an internal do-not-text registry, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff Mark Bruder ("Plaintiff") is a resident of the State of Missouri.

10. Defendants Charter Communications, Inc. and Spectrum are a corporation organized in the state of Delaware with a principal place of business at 400 Washington Blvd., Stamford, CT 06902.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendants because Defendants CC and Spectrum frequently transact business in this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

12. Venue is proper because a substantial part of the events, actions, and omissions of Defendants, which give rise to the claims and subjects Defendants to liability for this automated texting campaign and failure to maintain an internal do-not-text list, occurred in this circuit.

13. Plaintiff resides in this venue and received the at-issue texts while in this venue.

14. Plaintiff's area code, (314), is associated with Eureka, MO. Thus, any party texting or calling Plaintiff should reasonably expect Plaintiff to reside in this district.

15. Defendants CC and Spectrum are incorporated in and domiciled in the state of Delaware with a principal place of business located in Stamford, CT, and attempt to market and sell their services throughout the entire country.

16. Plaintiff is an individual located in Eureka, MO.

17. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of this jurisdiction and specifically, this Circuit, as the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this Circuit.

## TCPA BACKGROUND

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be

an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

19. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

- - -

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

## STANDING

20. The TCPA, 47 USC 223(b)(3) confers a private right of action to any person an action based on violations the statute.

## FACTUAL ALLEGATIONS

21. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

22. On a date better known by Defendants, Defendants began contacting Plaintiff via text message.

23. In such texts, Defendants provided a response option that could be used to opt out of receiving such automated text messages.

24. Plaintiff responded to Defendants with an opt out text message for Defendants to cease such communications with Plaintiff.

25. Despite this, Defendants continued to contact Plaintiff anyway.

4

26. Since opting out, Plaintiff has not given written consent to receive texts from, or on behalf of Defendants, or any of their representatives or affiliates.

27. Plaintiff has received multiple communications from Defendants in which Plaintiff did not consent to receiving.

28. Plaintiff has consistently attempted to opt out of receiving these harassing text messages.

29. Defendants have continued to contact Plaintiff anyway.

30. Plaintiff does not owe an alleged debt to Defendants, or any of its representatives or affiliates.

31. Plaintiff has had to constantly endure these text messages throughout his day as they invaded upon his privacy and solitude.

32. Defendants knew that they continued to text to attempt to telemarket services from an individual who attempted to prevent his phone number from receiving such harassing texts.

33. These continued texts were harassing and intended to frustrate Plaintiff.

34. Plaintiff instructed Defendant's agents/representatives to stop texting his device.

35. Even if Defendants believed they had consent to text Plaintiff, Plaintiff made clear that they did not have consent and should cease all texts by opting out of receiving such messages.

36. Despite clearly and unequivocally revoking any consent Defendants may have believed they had to text Plaintiff, Defendants continued to place automated text messages to Plaintiff.

37. Defendants' representative even admitted to Plaintiff that "a few texts may still slip in there as it is a system that generates the texts."

38. This admission by Defendants clearly evidences that the text messages are automatically generated and that proper policies are procedures are not in place to protect against TCPA violations.

39. Each subsequent text Defendants made to Plaintiff's telephone was knowing and willful and done so without the express consent of Plaintiff.

40. Plaintiff received in excess of twenty (20) texts from Defendants.

41. Not a single text placed by Defendants to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 277(b)(1)(A).

42. Defendants willfully and knowingly violated the TCPA with respect to Plaintiff.

43. Each text message placed by Defendants to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of invasion of privacy and the intrusion upon his right of seclusion.

44. Each text placed by Defendants to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of unnecessary expenditures to his time. Plaintiff had to waste time to check his notifications and text messages from Defendants. This impaired the usefulness of Plaintiff's phone, which is designed to inform the user of important and legitimate missed communications.

45. Each text sent by Defendants without the consent of the Plaintiff occupied space in Plaintiff's phone.

46. Every text placed by Defendants without express consent to Plaintiff's phone resulted in injury of trespass to Plaintiff's chattel, namely his telephone.

47. As a result of the texts described above, Plaintiff was affected in a personal and individualized way through stress, anxiety, nervousness, distress, and aggravation.

6

48. Defendants' conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Autodial Violations

49. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

50. The foregoing acts and omissions of the Defendants constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

51. Defendants violated the TCPA by (a) initiating texts using an automated dialing system to Plaintiff's cellular telephone number assigned to him, or (b) by the fact that others caused the initiation of those texts on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

52. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

   a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

   b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

   c. Both such actions.

53. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

54. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, even if their actions were only negligent.

7

55.     Defendants knew or should have known that: Plaintiff had revoked express permission or invitation for Defendants or anyone else to initiate a text message using an automated dialing system to Plaintiff's telephone number to solicit information about Defendants.

56.     If the Court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

57.     Plaintiff, is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendants:

    a.     Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

    b.     As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every text that violated the TCPA;

    c.     As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every text that violated the TCPA;

    d.     A declaration that Defendants' conduct violated the TCPA and that this action is just and proper;

    e.     An award of costs and such further relief as the Court may deem just and proper;

  f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

  g. That this Court award Plaintiff's attorney fees and all expenses incurred in preparing and prosecuting this claim; and

  h. Such other relief as this Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***
**Do Not Call Violations**

58. Plaintiff, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

59. The foregoing acts and omissions of the Defendants constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

60. Defendants violated the TCPA by failing to maintain reasonable procedures to place Plaintiff, and all others similarly situated, on their internal do not text list, as well to abide by its internal do not text list once individuals are placed on such a list.

61. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

  a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

  b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

  c. Both such actions.

62. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

63. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

64. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

65. Plaintiff, and all others similarly situated, is also entitled to, and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendants:

  a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

  b. As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

  c. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every text that violated the TCPA;

  d. A declaration that Defendants' conduct violated the TCPA and that this action is just and proper;

  e. An award of costs and such further relief as the Court may deem just and proper;

      f.      That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

      g.      That this Court award Plaintiff's attorney fees and all expenses incurred in preparing and prosecuting this claim; and

      h.      Such other relief as this Court may deem just and proper.

## JURY DEMAND

66.    Plaintiff hereby demands a jury trial on all counts so triable.

Dated: August 25, 2023

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Joel Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorney for Plaintiffs*